IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-30581
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JO LYNN KOONCE,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
No. 97-CR-20087-ALL

---

April 28, 1999

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

Jo Lynn Koonce, the owner and manager of Louisiana Drug Screening, was tried and convicted for eleven counts of fraud and swindles under 18 U.S.C. § 1341. Koonce had contracted with various businesses to collect urine samples, send them to laboratories for testing, and reportq
the results. Beginning about September 1995, Koonce stopped sending the urine samples to laboratories for testing. Instead,

---

     [*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

prosecutors charged, the samples were disposed of and fictitious test result reports were sent to the businesses, along with fraudulent billing invoices. The indictment charged that between September 1995 and July 1996, Koonce caused total false invoices of $51,212.

In pretrial proceedings, Koonce sought to suppress inculpatory statements allegedly made to FBI agents on May 20 and 24, 1997. She alleged that she was subject to custodial interrogation during a meeting with the agents, but was not advised of her constitutional rights. One of the FBI agents, Randal Kevin Hicks, testified that Koonce spoke to them voluntarily on May 20, and that she was informed correctly that she would not be arrested during or after the interview. On May 24, according to Hicks, he served a grand jury subpoena for documents along with another agent and spoke to her again.

Koonce testified that during the first interview, Hicks told her that if she did not cooperate, she would be brought to his office and questioned there. She testified that she thought Hicks was pressuring her to agree to the interview. In addition, she said she asked three times whether she needed an attorney, and that Hicks replied that he just wanted to ask her some questions to clear some things up. She also testified that she believed she was being detained, because when she stood up to retrieve a file, Hicks initially blocked her exit, and then followed her as she retrieved it. The events on May 24, as Koonce recounts them, were similar,

2

though Hicks recommended that she obtain an attorney at the conclusion of the interview.

The magistrate judge recommended that the motion to suppress be denied, finding Koonce's testimony that the agents threatened to take her to the FBI office if she did not cooperate not credible. She also found that there was probable cause to arrest Konnce, but that the officers had no subjective intent to detain her. A reasonable person, the magistrate found, would not have believed that she was under arrest. The district court adopted the magistrate court's findings and conclusions.

Two of Koonce's grounds for appeal are based on events at trial. First, one witness testified that she saw Koonce falsify a lab report in January 1997. The defense objected, arguing that this conduct was outside the scope of the indictment and was impermissible under Federal Rule of Evidence 404(b). Second, a witness testified that Koonce told her that Mary Lee Citizen, an employee of Koonce's, acted "like a nigger." The defense moved for a mistrial, but the motion was denied, and the court gave a limiting instruction.

Koonce also objected to the Presentence Report's calculation of the amount of loss as $51,230. She asserted that the amount of loss was only approximately $30,000. The district court overruled the objection and sentenced her to 21 months of imprisonment and 36 months of supervised release, and ordered her to pay $51,230 in restitution and a fine of $1,100. She timely appealed.

I

3

"A suspect is . . . 'in custody' for <u>Miranda</u> purposes when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." <u>United States v. Bengivenga</u>, 845 F.2d 593, 596 (5th Cir. 1988) (en banc). Koonce argues that based on the court's findings, including that Hicks had probable cause to arrest her and that Hicks stood between Koonce and the door when she was about to retrieve a file, a reasonable person would infer that she was within the direct custody and control of the agents.

An important consideration in determining whether there was custodial interrogation is whether the suspect was told that she was not under arrest and was free to leave. <u>See</u> <u>United States v. Collins</u>, 972 F.2d 1385, 1405 (5th Cir. 1992). An interview of a suspect by law enforcement officers inevitably will have coercive aspects because officers are part of a system that may ultimately charge the suspect with a crime, but <u>Miranda</u> warnings are required only when the coercive nature of the situation rises to the level of restricting a person's freedom such that they are held in custody. <u>See</u> <u>id.</u> at 1406.

Based on the totality of the circumstances, the district court did not err in concluding that a reasonable person would not have deemed the interviews with the FBI to constitute a restriction on movement equivalent to being taken into custody or arrested. Even though Koonce testified that she believed she would have to go

4

downtown if she did not cooperate, the district court's finding that no such threat was made is not clearly erroneous.

## II

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the accused and that she acted in conformity with that character in the conduct charged. Evidence of other acts is intrinsic when it is "inextricably intertwined" with the crime charged or part of a "single criminal episode." United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996) (citation omitted). Such evidence does not implicate Rule 404(b).

The evidence concerning falsification of lab reports in January 1997 was intrinsic. "Evidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b), and is therefore not barred by the rule." United States v. Maceo, 947 F.2d 1191, 1199 (5th Cir. 1991). Though the indictment covered a period of time excluding January 1997, falsification of lab reports was part of the very scheme for which Koonce was convicted.

## III

A district court's refusal to grant a mistrial based on the admission of prejudicial evidence is reviewed for an abuse of discretion. See United States v. Limones, 8 F.3d 1004, 1007 (5th Cir. 1993). A new trial is required only if there is a significant possibility that the prejudicial evidence had a substantial impact

upon the jury verdict, viewed in light of the entire record. <u>See</u> <u>id.</u> at 1007-08. The district court's assessment of a remark's prejudicial effect is entitled to considerable weight. <u>See</u> <u>United States v. Nguyen</u>, 28 F.3d 477, 483 (5th Cir. 1994).

The district court did not abuse its discretion in denying Koonce's motion for a mistrial based on the prosecution witness's testimony that Koonce had used a racial epithet. The prosecution had not solicited the remark, and both the prosecution and the defense admonished the jury that the case was not about race. Indeed, the case had no racial overtones, and given the paper trail Koonce had left, the case did not turn on credibility determinations. Finding a mistrial here would be tantamount to creating a bright-line rule requiring mistrials given the occurrence of such statements before a jury.

IV

A district court does not have to make a precise determination of the amount of loss for sentencing purposes, but may make a reasonable estimate based on available evidence that has sufficient indicia of reliability. <u>See</u> <u>United States v. Vital</u>, 68 F.3d 114, 120 (5th Cir. 1995). The PSR is considered reliable evidence for sentencing purposes. When the defendant does not present rebuttal evidence, a district court may adopt facts contained in the PSR without further inquiry. <u>See</u> <u>United States v. Puig-Infante</u>, 19 F.3d 929, 943 (5th Cir. 1994). Unsupported objections to the PSR are not competent rebuttal evidence. <u>See</u> <u>United States v. Lowder</u>, 148 F.3d 548, 552 (5th Cir. 1998).

6

Koonce asserts that services other than drug screenings were provided to customers and that the amount of loss was lower than the PSR's calculation.  In her objections to the PSR, Koonce asserted that she had records and documents that would show that the total amount of the loss was about $30,000.  The court overruled her objections, finding that the indictment charged her with fraud totaling approximately $51,212 and that she was convicted of this.  Although this statement seems to indicate that the court relied on the evidence at trial to support the amount of loss, the court also overruled the objection to the PSR, indicating its reliance on that document.  Koonce's unsupported assertion that this amount was incorrect is insufficient to show that this information was inaccurate or unreliable.  See Lowder, 148 F.3d at 553.

AFFIRMED.